## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **THERESA VONDRA, DONNA PODOLAK, LYNDA LARVIE, and ADAM POULOS,** | **Civil Action No.:** CV-22-30-BLG-SPW-TJC |
| **Plaintiffs,** | |
| v. | |
| **CITY OF BILLINGS; NICOLE CROMWELL, in her official capacity as Code Enforcement Supervisor for the Department of Code Enforcement in the City of Billings; RICHARD ST. JOHN, in his official capacity as Chief of Police for the Police Department in the City of Billings; JOANNE RINDAHL, in her official capacity as Business Tax Clerk for the Finance Department in the City of Billings; ANDREW ZOELLER, in his official capacity as Director of the Finance Department in the City of Billings; and WILLIAM COLE in his official capacity as Mayor of the City of Billings,** | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **Defendants.** | |

1

**INTRODUCTION**

1.     This civil rights action seeks nominal damages as well as prospective declaratory and injunctive relief to vindicate the Fourth Amendment rights of licensed and law-abiding massage therapists and their clients in Billings, Montana.

2.     The City of Billings' massage therapy ordinance, 21-5757 ("Ordinance" or "Massage Search Ordinance"), makes it a crime for professional, state-licensed massage therapists to practice in the city without first obtaining a local facility license. The Ordinance also conditions that license (including issuance of solo practitioner exemptions from licensure) on the therapists' acceptance of unannounced, warrantless, and unconstrained searches of their place of work, which often includes their homes, and of private patient records in violation of the Fourth Amendment to the United States Constitution. *See* Solo Practitioner Exemption Form, Attachment A. For a therapist to insist that the police first acquire a warrant before searching their premises is to risk arrest on the spot, criminal prosecution, and incarceration under this framework.

3.     The Ordinance empowers law and code enforcement officers of the City of Billings to search "all rooms, cabinets, and storage areas," requiring massage therapists to open "any locked rooms, cabinets, or storage areas . . . promptly." Section 7-1912(d). Even active massage therapy sessions exceeding two hours in length may be interrupted by a government search. Section 7-1911(f).

4.     The right to be secure against unreasonable searches of private properties and papers is an historic, sacred, and jealously guarded American liberty that helped spark the American cause for independence.

5.     The City's desire to police crime, however laudable, must comply with the Fourth Amendment.

> In times of unrest, whether caused by crime or racial conflict or fear of internal subversion, [the Fourth Amendment's Warrant Clause] and the values that it represents may appear unrealistic or "extravagant" to some. But the values were those of the authors of our fundamental constitutional concepts. In times not altogether unlike our own they won—by legal and constitutional means in England, and by revolution on this continent—a right of personal security against arbitrary intrusions by official power. If times have changed, reducing everyman's scope to do as he pleases in an urban and industrial world, the changes have made the values served by the Fourth Amendment more, not less, important.

*Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971).

6.     To protect the rights of Billings' law-abiding massage therapists, massage therapy business owners, and their patients to be secure in their properties and privacy against unreasonable searches, the Court should declare that Ordinance 21-5757 violates the Fourth Amendment, both on its face and as applied, and the search condition placed on facility licenses, solo practitioners, and home practitioners is unconstitutional and void. The Court should likewise permanently enjoin Defendants from enforcing the Ordinance, particularly the portions of the Ordinance authorizing unannounced warrantless searches and penalizing an

individual's invocation of her Fourth Amendment rights. Plaintiffs additionally request that the Court award Plaintiffs nominal damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

7.     Plaintiffs pursue relief under the Fourth Amendment as incorporated against the states through the Fourteenth Amendment; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

8.     This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343.

9.     Venue is proper in this Court because, as set out below, all parties to the litigation reside, are domiciled, or otherwise maintain sufficient minimum contacts in the City of Billings, Montana. 28 U.S.C. § 1391(b)(1); L.R. 1.2(c)(1), 3.2(b).

## PARTIES
### Plaintiffs

10.     **Massage Therapist Plaintiffs.** This complaint will refer to Theresa Vondra, Donna Podolak, and Lynda Larvie collectively as the "Massage Therapist Plaintiffs."

11.     **Theresa Vondra.** Theresa Vondra is a state-licensed therapist residing in Billings, Montana, and has spent over 15 years in the profession of massage therapy.

12.     Ms. Vondra was born and raised in the City of Billings and got her start as a massage therapist renting a small space from an aesthetician. Now, she runs her own massage therapy and spa company named The Massage Company located at 1311 11th Street West, Billings, MT 59102.

13.     Ms. Vondra employs six massage therapists, including herself, and one receptionist who all work at the 1311 11th Street West location of The Massage Company.

14.     In addition to massage rooms, Ms. Vondra's business property contains a waiting area, reception desk, infrared sauna, and lockers in which patients and employees store personal effects.

15.     **Donna Podolak.** Donna Podolak is a state-licensed massage therapist with over 20 years of experience in the profession and does business under the name of Donna's Massage Therapy in the City of Billings.

16.     Ms. Podolak resides in the City of Billings and works with patients from her home on the third floor of a 55-and-over apartment home community.

17.     Ms. Podolak practices predominately medical therapeutic massage on those suffering from workplace and automobile injuries as well as her elderly neighbors with arthritis and other pains or conditions that are alleviated by massage therapy.

5

18.    Ms. Podolak bills automobile, worker's compensation, and health insurance companies directly for some of her work and accepts payment from some of her patients out of Health Savings Accounts and Flexible Spending Accounts.

19.    Ms. Podolak practices massage therapy out of a converted bedroom in her home apartment that she has outfitted and designed for completing the treatment and administrative tasks necessary for her business.

20.    **Lynda Larvie.** Lynda Larvie is a state-licensed massage therapist with over 20 years of experience in the profession. She specializes in medical massage therapy, often accepting payment from her patients through Health Savings Accounts and Flexible Spending Accounts, though she does not bill insurance companies directly.

21.    Ms. Larvie practices massage therapy as a solo practitioner through her company Bella Spa: Body, Mind, Spirit (hereinafter "Bella Spa") located at 629 Grand Avenue, Billings, MT 59101 where she also rents space to two hairstylists.

22.    **Adam Poulos.** Adam Poulos is a regular massage therapy patient of Ms. Vondra's and has been seeing her for treatments since suffering a workplace neck injury in 2017. He continues to regularly receive treatment from Ms. Vondra for this and other pains and injuries.

23.    Ms. Vondra and her business, The Massage Company, keep records associated with Mr. Poulos' massage therapy sessions.

**Defendants**

24.    **City of Billings, Montana.** The City of Billings, Montana, is an incorporated city in the State of Montana.

25.    Each individual defendant is sued only in his or her official capacity.

26.    **Nicole Cromwell.** Nicole Cromwell is the Code Enforcement Supervisor for the Department of Code Enforcement in the City of Billings, Montana, and is sued in her official capacity as such.

27.    **Richard St. John.** Richard St. John is the Chief of Police for the Police Department in the City of Billings, Montana, and is sued in his official capacity as such.

28.    **Joanne Rindahl.** Joanne Rindahl is the Business Tax Clerk for the Finance Department in the City of Billings, Montana, and is sued in her official capacity as such.

29.    **Andrew Zoeller.** Andrew Zoeller is the Director of the Finance Department in the City of Billings, Montana, and is sued in his official capacity as such.

30.    **William Cole.** William Cole is the Mayor of the City of Billings, Montana, and is sued in his official capacity as such.

## FACTUAL ALLEGATIONS

## I

## The Massage Search Ordinance

31.     On April 26, 2021, the City of Billings City Council adopted Ordinance 21-5757 ("Massage Search Ordinance" or "Ordinance"), titled "An Ordinance of the City of Billings, Montana, Regulating Massage and Spa Facilities Through Business Licensing Criteria, Providing Exemptions, Authorizing the City Administrator or Designee to Administratively Deny, Suspend or Revoke Business Licenses and Allowing an Appeal From Such Action and Providing for Criminal and Civil Penalties Upon Conviction of a Violation in Order to Combat Human Trafficking and to Promote the Health and Welfare of the Billings Community."

32.     Although the City intended that the Ordinance provide new tools for policing illicit and illegal activities occurring in what it termed "erotic parlors" (Section 7-1901), the Ordinance is written so broadly that it imposes warrantless searches on legitimate, professional massage practitioners and businesses. *See* Section 7-1901 (distinguishing legitimate massage businesses from the type of illicit businesses that are the target of the regulation and recognizing that legitimate massage businesses provide "a valuable health care professional activity that provides benefits to the residents of the city").

33.     The Massage Search Ordinance does so by first declaring it "unlawful for any person to operate a massage or spa facility in the City of Billings without a

8

valid massage or spa facility license issued by the city." Section 7-1904. The Ordinance broadly defines "massage or spa facility" as "any business where any massage, massage therapy, or massage spa services are practiced administered, or advertised in exchange for compensation." Section 7-1902(o).

34.    The Ordinance then uses the facility license as a tool to evade the Fourth Amendment by demanding that, as a mandatory license condition, the owner/applicant must swear under oath that he or she "will remain in compliance with all requirements of this article while the license is in effect" (Section 7-1905(16)), which includes the provisions providing police and code enforcement officials warrantless access to their properties and patient records under the threat of criminal prosecution, civil sanctions, or summary suspension of their facility license for noncompliance.

35.    The Ordinance provides that

> [t]he license administrator, a designee of the [state] Board of Massage Therapy, *or a law enforcement officer* may enter a massage therapy business at any time during business hours to determine compliance with *any law* under that person's jurisdiction, including *but not limited to* this article or provisions of the [state] Massage Therapy and Licensing Act.

Section 7-1912(c) (emphasis added).

36.    The Ordinance does not significantly limit the timing, frequency, duration, or scope of the authorized searches.

37.    The Ordinance provides police and enforcement officials with virtually limitless search authority. For example, Section 7-1912(d) specifies that "all rooms, cabinets, and storage areas shall be subject to inspection and any locked rooms, cabinets, or storage areas shall be promptly opened for inspection." And Section 7-1911(f) further mandates that "any locked door, including any exterior door" must be "immediately open[ed] [. . .] upon request by an inspector or law enforcement officer who provides proof of identity." The lone exception is that no "treatment session in progress" lasting a shorter period than two hours may be interrupted by such a demand.

38.    The Ordinance also empowers police and enforcement officials to search business papers without cause, notice, or a warrant. Again, it does so by requiring that, as a condition of licensure, the business owner must keep a "log" that "shall contain" the "date, time, and type of each massage administered, and name of employee administering the massage therapy[,]" which "shall be retained for [. . .] one year[.]" The log is then made "subject to inspection upon request by the inspector during normal business hours." Section 7-1911(c).

39.    Section 7-1912(e) requires "[e]ach massage or spa facility [to] make the complete set of books and records and log of all massage therapy administered at the facility available for inspection without unreasonable delay."

40.     While Section 7-1912(e) allows the redaction of "protected health information" "from the log and books" contemplated by the inspection demand, it requires the furnishing of the log "without unreasonable delay."

41.     Section 7-1910(k) makes it unlawful to "[r]efuse to provide access to government inspectors or law enforcement personnel" or "remain behind locked doors in the facility during an inspection[.]" *See also* Sections 7-1904, 7-1911, 7-1919.

42.     The Massage Search Ordinance punishes refusal to provide access to law enforcement personnel or operate without a facility license under the ordinance as a misdemeanor carrying

> a fine of up to $500.00 and/or incarceration for a term up to six (6) months. Each such person shall be guilty of a separate offense for *each and every day* during any portion of which any violation of any provisions of this article is committed, continued or permitted by any such person.

Section 7-1919(a) (emphasis added); *see* Sections 7-1910(k), 7-1904.

43.     "Any other violation of [the Ordinance] shall be a municipal infraction" punishable by a fine of $300 for a first offense and $500 for each subsequent offense pursuant to Section 18-1304 of the Billings, Montana, City Code (BMCC), Section 7-1919(c); *see* BMCC § 18-1304.

44.     The Ordinance additionally provides for summary suspension by the "license administrator" of "a massage or spa facility license with a hearing to be

scheduled within thirty (30) days" where "[t]he licensee has violated *any* of the provisions of [the Massage Search Ordinance]." Section 7-1913(a)(1) (emphasis added).

45.   Section 7-1913 provides for an appeals process, but also that licenses issued under the Massage Search Ordinance are ultimately subject to suspension or revocation for violations of the ordinance, among other grounds. Section 7-1913(b)(¶ 6).

46.   The Ordinance's search provisions are not limited to businesses and their facilities but also apply to solo practitioners who provide legitimate massage therapy services at their own homes. Indeed, the Ordinance contemplates that the operation of massage businesses may occur in private homes. *See* Section 7-1906(a)(5).

47.   And Section 7-1902(o)(1) specifies that, although "[a] place of business where only one licensed massage therapist practices as a solo practitioner" is not a "massage or spa facility" and does not, therefore, require a facility license, the solo practitioner must nonetheless "compl[y] with all other applicable city code provisions as well as sections 7-1910 and 7-1911" of the Massage Search Ordinance. As discussed above, those cited provisions empower police and enforcement officials to warrantlessly enter and search private property where massage services are provided.

48.     Defendant Richard St. John, as the Chief of Police, is responsible for the enforcement of the Massage Search Ordinance where law enforcement officers of the City are charged with and empowered to conduct searches under the ordinance.

49.     Defendant Nicole Cromwell is responsible for the code enforcement officers who enforce the Massage Search Ordinance.

50.     Defendant Joanne Rindahl, as the Business Tax Clerk for the Finance Department in the City of Billings, is responsible for the processing of applications for licenses and the issuance of licenses and exemption forms pursuant to the Massage Search Ordinance, which licenses and exemptions extort unconstitutional waivers of Fourth Amendment rights from the Massage Therapist Plaintiffs.

51.     Defendant Andy Zoeller, as Director of the Finance Department in the City of Billings, is likewise responsible for the processing and issuance of licenses and solo practitioner exemptions pursuant to the Massage Search Ordinance.

52.     Defendant William Cole, as Mayor of the City of Billings, is generally responsible for enforcing the regulatory scheme associated with the Massage Search Ordinance, including the issuance of licenses and license exemptions.

## II

### Plaintiffs' Protected Fourth Amendment Interests

53.     The Massage Search Ordinance impairs Plaintiffs' established property rights and privacy rights, both of which are fully protected by the Fourth Amendment and are set out below.

**Plaintiffs' Property Interests**

54.     Plaintiffs assert property interests defended by the Fourth Amendment in their (1) home, in the case of Ms. Podolak, (2) the private areas of their business properties, in the case of Ms. Vondra and Ms. Larvie, and (3) patient records and treatment logs, in the case of all Plaintiffs.

55.     **Property Interest in Homes and Private Areas of Businesses.** Ms. Podolak's possession of her apartment home and Ms. Vondra and Ms. Larvie's possession of their respective private businesses qualify those properties for protection under the Fourth Amendment against warrantless physical invasions by agents of the City of Billings.

56.     The Massage Therapist Plaintiffs retain an established and legally settled property interest in the private, nonpublic areas of their businesses that are protected from warrantless government trespasses by the Fourth Amendment. *See, e.g.*, *See v. City of Seattle*, 387 U.S. 541, 543 (1967).

57.     Ms. Vondra's business is separated into two distinct areas by a wall and door. The public lobby contains a waiting and reception window. Beyond that, the patient-and-employee-only area includes massage therapy rooms, an infrared sauna,

closets, administrative space for the reception desk, lockers for employees to store personal property, and lockers for patients to store personal property.

58.     Ms. Vondra keeps her purse in an employee locker while at her business location.

59.     Mr. Poulos, a patient of Ms. Vondra's and client of The Massage Company, keeps property in a patient locker when receiving massage therapy treatments.

60.     Ms. Vondra's business contains several closets, cabinets, file drawers, and an enclosed storage area outdoors.

61.     Ms. Podolak's home is laid out such that as patients walk through the entryway door to her third-floor apartment, they can see into the living room, kitchen, and even the primary bedroom beyond those areas.

62.     Immediately to one side is a doorway to Ms. Podolak's massage room and office, which contains a massage table, chair, desk, file cabinet, closet, small stand, and small table.

63.     Ms. Podolak uses the closet within the massage therapy room to keep a massage chair, sheets, housecoats, towels, and historical patient files. The desk is for administrative work related to her business, including the drafting of insurance claims and organization of patient files and payment processing. The chair is for her patients to fill out information upon their arrival. The small stand for massage

therapy accoutrements. And the small table is where patients leave their clothes and personal belongings when they undress to their comfort level before getting under the sheet on the massage therapy table.

64.    The file cabinet and closet within the massage therapy room in Ms. Podolak's home apartment both contain sensitive and identifying information for her patients. At any given time, the desk might contain this information as Ms. Podolak works on processing files, claims, and payments for her patients, or generating and organizing other business-related files.

65.    Directly across the hall from the massage room is a bathroom that is used by her patients and herself.

66.    Ms. Podolak treats approximately two patients each day and schedules only by appointment. Her home is not open to walk-in patients.

67.    Ms. Larvie's business, Bella Spa, contains a waiting area, massage room, and administrative desk area.

68.    The massage room is only open to Ms. Larvie and her patients with appointments. The desk and files within it are for Ms. Larvie's use alone.

69.    Ms. Larvie also provides space for two independent-contractor hairstylists who work in her spa. The drawers and cabinets in their booths are not open to the public.

70.    The Fourth Amendment requires government agents to obtain a warrant before trespassing into homes or the private areas of businesses, thus the Massage Search Ordinance violates the Massage Therapist Plaintiffs' Fourth Amendment property interests by exposing these areas to unannounced, warrantless searches.

71.    **Property Interest in Patient Records.** The Massage Search Ordinance violates the Massage Therapist Plaintiffs' Fourth Amendment property rights because they retain protected property interests in their patient records and treatment logs, which are "papers" within the meaning of the Fourth Amendment. *See Patel v. City of Los Angeles*, 738 F.3d 1058, 1061 (9th Cir. 2013) (en banc), *aff'd*, 576 U.S. 409 (2015); *see also United States v. Jones*, 565 U.S. 400, 409 (2012) (affirming physical trespasses against property interests enumerated by the Fourth Amendment are searches *per se*, notwithstanding any privacy-expectation-based analysis).

72.    Each of the Massage Therapist Plaintiffs keeps a version of a "SOAP" chart for some or all of their patients. "SOAP" stands for "Subjective, Objective, Assessment, and Plan." This document contains sensitive information concerning a patient's prior injuries and trauma, which can be a combination of physical, sexual, or psychological, including how pain or injury affects the patient's activities of daily life; whether the patient has seen another massage therapist, physician, physical therapist, or chiropractor; a diagram depicting the bodily locations of pain or discomfort and the seriousness and type of each; the objectives a therapist and patient

17

hope to achieve through massage therapy; the planned course of treatment; and assessments and notes by the massage therapist. All of this is associated with the patient's name, their massage therapist's name, the date, and duration of treatment.

73.    SOAP charts or notes may be an official form document or notes jotted on a lined piece of paper in a treatment log, depending on the massage therapist, but the purpose and character of the information is the same.

74.    Ms. Vondra keeps SOAP charts in digital files in a computer system and in physical files at her business location for The Massage Company.

75.    Ms. Podolak keeps SOAP notes in her patient files in a filing drawer in the closet within her massage therapy room in her home apartment.

76.    Ms. Larvie keeps SOAP notes in a filing cabinet in her desk within her business location for Bella Spa.

77.    Mr. Poulos maintains a Fourth Amendment property interest in his patient records held by Ms. Vondra and her business.

78.    **Property Interest in Treatment Logs.** Because the Massage Search Ordinance requires that patient treatment logs be available for inspection on demand, the Massage Therapist Plaintiffs have been required to keep a separate log with the information demanded by the Ordinance in order to shield their more detailed records that contain sensitive medical, personal, and identifying information from warrantless inspection.

79.     These logs are likewise the property of the Massage Therapist Plaintiffs and "papers" within the meaning of the Fourth Amendment.

80.     Mr. Poulos maintains a Fourth Amendment property interest in the treatment log held by Ms. Vondra and her business.

**Plaintiffs' Privacy Interests**

81.     **Privacy Interest in Patient Records and Treatment Logs.** SOAP charts, treatment notes, and logs concerning the time, date, duration, and other information pertaining to massage therapy sessions contain a great wealth of sensitive information about massage therapy patients that a reasonable person would expect to be kept private. This expectation of privacy is one that society is prepared to deem objectively reasonable. *See Patel*, 738 F.3d at 1061, *aff'd*, 576 U.S. 409 (2015); *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring).

82.     The Massage Therapist Plaintiffs all have a patient-intake process wherein personal information, including medical history and other details typically associated with SOAP charts, is elicited from their patients and added to treatment plans and notes.

83.     Ms. Vondra, during Mr. Poulos' intake as a new patient in 2017, filled out a SOAP chart for him. His patient file has been updated over the years after subsequent treatment sessions.

84.    **Privacy Interest in Homes and Private Areas of Businesses.** When Ms. Vondra's patients place their property and valuables in the patient lockers while receiving treatment at The Massage Company, including Mr. Poulos, they maintain an objectively reasonable expectation of privacy in the contents of those lockers.

85.    When Ms. Vondra and her employees store their private property and valuables in the lockers at The Massage Company, she and her employees maintain objectively reasonable expectations of privacy in the contents of the lockers.

86.    Ms. Vondra and Ms. Larvie maintain objectively reasonable expectations of privacy in the private areas of their respective business properties.

87.    Ms. Podolak maintains an objectively reasonable expectation of privacy in the entirety of her home apartment, including property relating to her business, Donna's Massage Therapy.

**Plaintiffs Required to Swear an Oath**
**Waiving Fundamental Fourth Amendment Rights**

88.    The City of Billings conditions the operation of massage or spa facilities in addition to solo-practitioner massage businesses and home-practitioner massage businesses on the surrender of the right to refuse unreasonable, warrantless searches, even requiring active assistance with the government agents conducting such searches under the Ordinance in violation of the Massage Therapist Plaintiffs' Fourth and Fourteenth Amendment rights.

89.   **Massage Facility Licensees.** The Massage Search Ordinance conditions issuance of massage facility licenses on the applicant swearing under oath that he or she will allow warrantless entries upon their properties and papers.

90.   This is an unconstitutional condition that effects an immediate and cognizable deprivation of "the right [. . .] to be secure [. . .] against unreasonable searches and seizures" within the meaning of the Fourth Amendment. U.S. Const. amend. IV. It also constitutes an immediate deprivation of the fundamental right to invoke the protections guaranteed by the Fourth Amendment's Warrant Clause.

91.   Ms. Vondra was required to submit one such application and surrender, by oath, her Fourth Amendment right to object to intrusive searches of her business that would otherwise require a warrant or exigent circumstances.

92.   Ms. Vondra applied for a facility license pursuant to Section 7-1904 of the Ordinance only because this new law, under Section 7-1919, makes it an incarcerable offense to continue operating a massage therapy business within the City of Billings without one.

93.   With no other option to continue treating her patients, Ms. Vondra submitted an application for a license accompanied by a protest letter affirmatively stating that her application for the license was under protest of the Ordinance's search conditions that violate the Fourth Amendment to the United States Constitution. *See* Protest Letter, Attachment E. Her application likewise contained a

21

request for a variance from the Ordinance's requirement that a massage or spa facility's front door must remain unlocked at all times during business hours. The City did not respond to her objection to the unconstitutional conditions and has not, as of the date of this filing, responded to her request for a variance.

94.     Ms. Vondra received the license for her massage therapy business on March 8, 2022, *see* Vondra Massage and Spa Facility License, Attachment C, and has continued to operate in compliance with the Ordinance.

95.     Following passage of the Ordinance, Ms. Vondra must now keep a separate log of patient massage information available for police or code inspection, or else painstakingly remove the sensitive medical and personal information from the database her business has used since before the Ordinance. This process would be time-consuming and risk running afoul of the Ordinance's requirement that massage therapy logs be "available for inspection without unreasonable delay." Section 7-1912(e).

96.     Before the Massage Search Ordinance, Ms. Vondra would lock the front door to the business during the evenings after the receptionist left for the day to secure the business and to ensure the safety of her employees and patients. Now, because the Ordinance criminalizes this conduct, she and her employees must work with an unlocked and unsecured front door after the receptionist leaves in the evening.

22

97.     On March 7, 2022, Ms. Vondra's business property was inspected by two code enforcement officers from the City of Billings. The officers entered the private areas of the business, including massage rooms, the business' outdoor storage area, and employee lockers. They took photos as they opened doors and cabinets and entered different areas of Ms. Vondra's business property. Ms. Vondra did not interfere or prevent the searches, despite her objections and their intrusiveness, for fear of risking criminal sanctions or nonlicensure.

98.     **Applications for the Solo Practitioner Exemption.** To qualify for an exemption from the Massage Search Ordinance's licensing requirement, Ms. Larvie and Ms. Podolak are required to accept the same warrantless search conditions imposed on businesses licensed under the Ordinance. The City's exemption form for solo practitioners contains the express language of Section 7-1902(o)(1) of the Ordinance (requiring solo practitioners to be "in compliance with all other applicable city code provisions as well as Sections 7-1910 and 7-1911").

99.     The City requires that solo practitioners submit the Solo Practitioner Exemption Form to continue operating their massage therapy businesses. *See* Solo Practitioner Exemption Form, Attachment A. The City's website makes this requirement clear. Massage and Spa Facility License, City of Billings, https://www.ci.billings.mt.us/2952/Massage- and- Spa- Facilities- License#:~:text= Q%3A%20How%20do%20I%20know,for%20and%20obtaining%20the%20licens

23

e ("Q: I am exempt from applying, do I need to fill out any forms? A: Yes, you need to complete and maintain the general Business License which has always been required. Additionally, all exempt business owners will need to sign the solo practitioner exemption form, attesting to their understanding of the requirements of the ordinance. (Sec. 7-1902(o.)).").

100.   Ms. Larvie submitted a Solo Practitioner Exemption Form to confirm that her business was exempt from the licensing requirement of Ordinance 21-5757 and received confirmation from the City in the form of a certificate of exemption on or about July 21, 2021. As part of the exemption application, Ms. Larvie was required to concede that she would comply with the Ordinance, which includes its search-and-seizure provisions.

101.   Ms. Podolak likewise submitted a Solo Practitioner Exemption Form, conceding thereby that she would comply with the Massage Search Ordinance, including its search-and-seizure provisions, and received confirmation from the City in the form of a certificate of exemption on or about September 23, 2021. *See* Donna Podolak Solo Practitioner Certificate, Attachment D.

102.   The forced surrender of Plaintiffs' Fourth Amendment right to insist upon a warrant for searches of their properties, papers, houses, and effects constitutes an immediate injury to their right to be secure in those properties against unreasonable searches.

103.   The City's demand that massage facility licensees and solo practitioners maintain a log-book for police and enforcement officer inspection as a condition of operating in the city effected a real and cognizable injury because it imposes an unconstitutional condition on their facility license and/or exemption and deprives Plaintiffs of protected property and privacy rights.

104.   So long as the Ordinance remains law, Plaintiffs' property and privacy rights are impaired. Plaintiffs' homes, businesses, desks, cabinets, patient records, other papers, closets, massage therapy rooms, and other private properties will continue to be left open and subject to a law-and-code-enforcement right of entry without any prior judicial approval, cause, or notice and without judicial oversight. Plaintiffs continue to suffer constitutional injuries because they are not free to refuse a warrantless, suspicionless searches or to request reasonable limitations on the timing, frequency, duration, and/or scope of the search.

105.   But for the Massage Search Ordinance, Plaintiffs would not have been required to surrender their Fourth Amendment right to insist on a warrant for searches of their patient records, treatment logs, homes, or businesses; they would not have to keep separate logs subject to warrantless searches and seizures on demand; they would not have to comply with the Ordinance's requirement for licensees to keep their doors unlocked at all times during business hours; and would

not be compelled to open doors, lockers, cabinets, and other private spaces and containers within their properties for agents of the City government.

## LEGAL CLAIMS

106.   Plaintiffs reallege, adopt, and incorporate by reference the foregoing paragraphs as though fully set forth herein.

### Count I:

### Facial claim per the Fourth Amendment and
### 42 U.S.C. § 1983 for physical invasion of property

107.   The Massage Search Ordinance violates Plaintiffs' rights under the Fourth Amendment as applied against the States through the Fourteenth Amendment to the U.S. Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983, by subjecting the private areas of businesses, private business records, including treatment logs, and private employee, therapist, and patient property to unreasonable warrantless searches in the form of physical trespasses by law and code enforcement agents of the City of Billings.

108.   The Fourth Amendment to the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. It further provides that "no Warrants shall issue, but upon probable cause." *Id.* The Fourth Amendment is incorporated against the states through the Fourteenth

Amendment to the U.S. Constitution. *Mapp v. Ohio*, 367 U.S. 643 (1961); *Wolf v. Colorado*, 338 U.S. 25 (1949).

109.   Physical trespasses to persons, houses, papers, and effects are searches under the Fourth Amendment. *Florida v. Jardines*, 569 U.S. 1, 10–11 (2013) (citing *United States v. Jones*, 565 U.S. 400, 406–09 (2012)). Warrantless searches of this nature are unreasonable *per se* unless accompanied by consent or a warrant exception. *See Caniglia v. Strom*, No. 20-157, 593 U.S. __, slip op. at 3 (May 17, 2021). Neither consent nor a warrant exception apply here.

110.   **Physical Invasion of Papers.** The client records kept by Plaintiffs in the course of their provision of massage therapy services are protected "papers" within the meaning of the Fourth Amendment. *Patel*, 738 F.3d at 1061–62, *aff'd*, 576 U.S. 409 (2015). Those papers are the exclusive property of the Massage Therapist Plaintiffs through their respective businesses. By authorizing the physical handling and inspection of these private papers by law and code enforcement in a manner inconsistent with the Massage Therapist Plaintiffs' exclusive possession of them, the Ordinance authorizes warrantless trespassory searches of papers in violation of the Massage Therapist Plaintiffs' Fourth Amendment property rights.

111.   **Physical Invasion of Homes and Businesses.** The Ordinance violates the Massage Therapist Plaintiffs' Fourth Amendment property rights against trespassory invasions of their homes and businesses by authorizing law and code

enforcement officers to enter these places without a warrant and punishing noncompliance and non-assistance on the part of massage therapists.

112.   The physical intrusions authorized by the Ordinance into homes, the nonpublic spaces of businesses, including lockers, rooms, cabinets, and storage areas renders Plaintiffs' properties in these spaces no longer secure against unreasonable trespassory searches. *See Florida v. Jardines*, 569 U.S. at 11 (2013); *See*, 387 U.S. at 543.

113.   The Ordinance's threatened criminal and civil sanctions for noncompliance and non-assistance in the face of these trespassory searches likewise violate the Fourth Amendment by providing for physical trespasses by coercing consent. *See Bumper v. North Carolina*, 391 U.S. 543, 548–49 (1968); *Camara v. Mun. Ct.*, 387 U.S. 523, 532–34 (1967).

114.   **No Precompliance Review for Physical Searches of Papers.** The physical trespassory searches of business records authorized by the Ordinance is independently unreasonable because the City failed to codify or otherwise provide a mechanism for precompliance review before a neutral judicial decisionmaker before subjecting a massage business owner or practitioner to civil and criminal penalties for refusal to allow a warrantless search. *Patel*, 576 U.S. at 419 (holding warrantless guest registry inspection law "facially unconstitutional because it fail[ed] to provide hotel operators with an opportunity for precompliance review").

115.  **General Nature of Searches by Physical Trespass; Criminal Enforcement Motivation of Ordinance.** In addition to violating the Fourth Amendment's warrant requirement, the authority provided to police and enforcement officials by the Massage Search Ordinance constitutes an unreasonable scheme of general searches that physically invade Plaintiffs' protected Fourth Amendment property interests arbitrarily.

116.  First, the search authority created by the Ordinance is unreasonable because the searches are intended and primarily designed to facilitate criminal investigations by uncovering evidence of illicit activities that may occur in "erotic parlors." Sections 7-1901, 7-1902(i).

117.  Second, the search authority created by the Ordinance is unreasonable because legitimate massage therapy involves "a valuable health care professional activity that provides benefits to the residents of the city" (Section 7-1901) and do not pose a clear or significant risk to the public health, safety, or welfare.

118.  Third, the search authority created by the Ordinance is unreasonable because it is not a part of a comprehensive regulatory scheme imposed on a pervasively regulated industry posing a grave danger to the public in the manner of guns, alcohol, mining, or automotive scrapyards.

119.  Fourth, the search authority created by the Ordinance is unreasonable because the Ordinance places no meaningful constraints on the timing, frequency,

duration, or scope of the searches by authorizing searches "at any time during business hours to determine compliance with any law under [the searching officer's] jurisdiction." Section 7-1912(c).

120.   Accordingly, the Massage Search Ordinance violates the Fourth Amendment.

121.   The Ordinance confers warrantless search powers to officers of the City of Billings that invade Plaintiffs' reasonable expectations of privacy guaranteed by the Fourth Amendment under color of state law and violates 42 U.S.C. § 1983.

122.   The Ordinance confers warrantless search powers to officers of the City of Billings that invade Plaintiffs' right to security in property guaranteed by the Fourth Amendment under color of state law and violates 42 U.S.C. § 1983.

**Count II:**

**Facial claim per the Fourth Amendment and
42 U.S.C. § 1983 for invasion of privacy**

123.   State action that invades an objectively reasonable expectation of privacy is a search under the Fourth Amendment. *Katz*, 389 U.S. at 361. Such searches, like physical trespassory searches, are unreasonable in the absence of consent, a warrant, or warrant exception. No warrant exception applies to the search powers enumerated in the Massage Search Ordinance.

124.   **Privacy Invasion of Homes and Businesses.** The Massage Therapist Plaintiffs' reasonable expectations of privacy in their homes and business premises

are subject to warrantless invasion by code and law enforcement officers under the Massage Search Ordinance in violation of the Fourth Amendment.

125.   Plaintiff Ms. Podolak maintains a reasonable expectation of privacy in the entirety of her private apartment home. By exposing this space and its associated expectation of privacy to warrantless intrusions by code and law enforcement officers, the Ordinance violates her Fourth Amendment rights. *See Kyllo v. United States*, 533 U.S. 27, 37 (2001) ("In the home, our cases show, *all* details are intimate details because the entire area is held safe from prying government eyes.").

126.   Plaintiffs Ms. Larvie and Ms. Vondra maintain reasonable expectations of privacy in the private areas of their businesses, including within the cabinets, desks, drawers, closets, storage areas, massage rooms, lockers in the case of Ms. Vondra, and all other nonpublic spaces of their businesses. By exposing those spaces to warrantless searches, the Ordinance invades these expectations of privacy and violates these Plaintiffs' Fourth Amendment rights. *See, e.g.*, *See*, 387 U.S. at 543; *Katz*, 389 U.S. at 361.

127.   **Privacy Invasion of Papers.** The Massage Therapist Plaintiffs and Mr. Poulos likewise maintain objectively reasonable expectations of privacy in the contents of records kept in the normal course of business detailing the patients' medical and physical (even psychological) conditions and the provision of therapeutic massage services, including but not limited to the times, dates, types of

massage therapy provided, duration of the massage therapy, improvement plans, the names of the massage therapists who administered care, and the name of the patient receiving the care. *See Katz*, 389 U.S. at 361. The expectation is that these records will be kept private. By authorizing searches of these records, the Ordinance invades this reasonable expectation of privacy held by Plaintiffs and therefore violates their Fourth Amendment privacy rights. *Id.*

128.   Mr. Poulos maintains a reasonable expectation of privacy in his patient records and logs and the Massage Therapist Plaintiffs maintain a reasonable expectation of privacy in all of their respective patient records, business, records, and logs.

129.   **No Precompliance Review for Invasion-of-Privacy Searches of Papers.** The invasions of Plaintiffs' objectively reasonable expectations of privacy in the contents of their business records authorized by the Ordinance are independently unreasonable because the City failed to codify or otherwise provide a mechanism for precompliance review before a neutral judicial decisionmaker before subjecting a massage business owner or practitioner to civil and criminal penalties for refusal to allow a warrantless search. *Patel*, 576 U.S. at 419 (holding warrantless guest registry inspection law "facially unconstitutional because it fail[ed] to provide hotel operators with an opportunity for precompliance review").

130.   **No Warrant Exception Applies.** Defendants cannot show that an emergency or exigency justifies the wholesale abrogation of the Fourth Amendment rights of every massage therapist in the City of Billings so as to subject them to unannounced and unwarranted searches of their properties at the whim of local law enforcement agents, nor the abrogation of patients' privacy rights in the contents of their patient files and treatment logs.

131.   **General Searches by Invasion of Privacy; Criminal Enforcement Motivation of Ordinance.** In addition to violating the Fourth Amendment's warrant requirement, the authority provided to police and enforcement officials by the Massage Search Ordinance constitutes an unreasonable scheme of general searches that invade Plaintiffs' reasonable expectations of privacy arbitrarily.

132.   First, the search authority created by the Ordinance is unreasonable because the searches are intended and primarily designed to facilitate criminal investigations by uncovering evidence of illicit activities that may occur in "erotic parlors." Sections 7-1901, 7-1902(i).

133.   Second, the search authority created by the Ordinance is unreasonable because legitimate massage practitioners provide "a valuable health care professional activity that provides benefits to the residents of the city" (Section 7-1901) and do not pose a clear or significant risk to the public health, safety, or welfare.

134.   Third, the search authority created by the Ordinance is unreasonable because it is not a part of a comprehensive regulatory scheme imposed on a pervasively regulated industry posing a grave danger to the public in the manner of guns, alcohol, mining, or automotive scrapyards.

135.   Fourth, the search authority created by the Ordinance is unreasonable because the Ordinance places no meaningful constraints on the timing, frequency, duration, or scope of the searches by authorizing searches "at any time during business hours to determine compliance with any law under [the searching officer's] jurisdiction." Section 7-1912(c).

136.   Accordingly, the Massage Search Ordinance violates the Fourth Amendment.

137.   The Ordinance confers warrantless search powers to officers of the City of Billings that invade Plaintiffs' reasonable expectations of privacy guaranteed by the Fourth Amendment under color of state law and violates 42 U.S.C. § 1983.

### Count III:

### Facial and As-Applied Unconstitutional Condition on the exercise of Plaintiff's Fourth Amendment rights per the Fourth Amendment and 42 U.S.C. § 1983

138.   Plaintiffs reallege, adopt, and incorporate by reference the foregoing paragraphs as though fully set forth herein.

139.   The unconstitutional conditions doctrine prohibits governments from conditioning permits, licenses, and benefits on the compelled surrender of

fundamental constitutional rights. *USAID v. Alliance for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 217–21 (2013); *Ferguson v. City of Charleston*, 532 U.S. 67, 83–84 (2001); *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 836–37 (1987); *United States v. Scott*, 450 F.3d 863, 871–72 (9th Cir. 2006).

140.   A violation of the doctrine of unconstitutional conditions occurs when the government conditions issuance of a license upon an unconstitutional demand. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604–05 (2013). An individual made subject to an unconstitutional condition need not suffer additional injury resulting from the actual surrender of the coerced waiver of a right to seek redress in the courts. The government's demand is itself an unconstitutional act even if it is not yet acted upon. *Id.*

141.   The doctrine of unconstitutional conditions applies to the protections guaranteed by the Fourth Amendment, *Chandler v. Miller*, 520 U.S. 305, 317 (1997), and is made applicable to state and local government via the Fourteenth Amendment. *Mapp*, 367 U.S. 643; *Wolf*, 338 U.S. 25.

142.   The act of physically entering private property without a warrant or exigent circumstance constitutes an unreasonable search for Fourth Amendment purposes unless the government first secured the owner's consent. *Caniglia*, 593 U.S. __, slip op. at 3.

35

143.   Consent to a search cannot be coerced. When the government "seeks to rely upon consent to justify the lawfulness of a search, [it] has the burden of proving that the consent was, in fact, freely and voluntarily given. This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." *Bumper*, 391 U.S. at 548–49.

144.   Plaintiffs have not voluntarily consented to the Ordinance provision requiring them to swear under oath or otherwise concede that they will allow the unwarranted searches authorized by the Ordinance. The Massage Search Ordinance demands that licensees swear an oath to "remain in compliance with all requirements of this article while the license is in effect" (Section 7-1905(16)), which include the provisions waiving Plaintiffs' Fourth Amendment rights to object to police and code enforcement officials' entry and search of the premises and patient records. *See Speiser v. Randall*, 357 U.S. 513 (1958) (denial of tax exemption for applicants' refusal to take loyalty oath violated unconstitutional conditions doctrine). Solo practitioners must likewise concede their acceptance of the search conditions imposed by the Ordinance.

145.   The Ordinance violates the doctrine of unconstitutional conditions by conditioning a facility license or exemption to engage in the practice of massage therapy in Billings upon the surrender of the Fourth Amendment right against

unreasonable searches and seizures in the papers, homes, and the private areas of business properties of massage therapists, including Plaintiffs.

146.   The City's mandatory condition of licensure, waiving the right to object to the searches authorized by the Ordinance constitutes a constitutional injury because warrantless searches are presumptively unreasonable. *Patel*, 576 U.S. at 419 (quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009)).

147.   None of "the few specifically established and well-delineated exceptions" to the warrant requirement apply to a scheme of suspicionless trespasses against business properties and homes in pursuit of evidence of criminal and civil infractions, *Patel*, 576 U.S. at 419, as the Massage Search Ordinance contemplates.

148.   By punishing refusal to provide access to law enforcement and code enforcement personnel with the threat of criminal prosecution, civil sanctions, and suspension or revocation of the license to practice massage therapy in the City of Billings, the Massage Search Ordinance coerces individuals into surrendering the right against unreasonable searches and seizures of homes, businesses, and papers and in so doing violates the Fourth and Fourteenth Amendments to the United States Constitution through an unconstitutional condition.

149.   The Ordinance attaches the warrantless search conditions to massage therapists' licenses and solo practitioner exemptions under color of state law and violates 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Plaintiffs request the following relief:

### Facial Declaratory Relief for Unreasonable Physical Trespassory Searches under the Fourth Amendment and 42 U.S.C. § 1983

150.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to security in property held by home-practitioner massage therapists by subjecting their homes to unreasonable, warrantless physical trespassory searches;

151.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to security in property held by massage therapists and massage therapy business owners, including solo practitioners, by subjecting the private areas of their business properties to unreasonable, warrantless physical trespassory searches;

152.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to security in property held by massage therapist business owners, solo practitioners, and patients by subjecting patient records and logs to unreasonable, warrantless physical trespassory searches;

### Facial Declaratory Relief for Unreasonable Invasion-of-Privacy Searches Under the Fourth Amendment and 42 U.S.C. § 1983

153.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to privacy held by home-practitioner massage therapists by subjecting their homes to unreasonable, warrantless searches;

38

154.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to privacy held by massage therapists and massage therapy business owners, including solo practitioners, by subjecting the private areas of their business properties to unreasonable, warrantless searches;

155.   A declaratory judgment that the Massage Search Ordinance, on its face, violates the Fourth Amendment right to privacy held by massage therapist business owners, solo practitioners, and patients by subjecting patient records and logs to unreasonable, warrantless searches;

## Facial and As-Applied Declaratory Relief

156.   A declaratory judgment that the Massage Search Ordinance violates the Fourth Amendment, both on its face and as applied to the Massage Therapist Plaintiffs who were coerced into surrendering their right to insist on a judicial warrant before searches of their constitutionally protected properties;

## Injunctive Relief

157.   An order permanently enjoining Defendants from enforcing the Massage Search Ordinance in its entirety, or in the alternative, an order permanently enjoining Defendants from enforcing the Massage Search Ordinance by conducting future warrantless searches of Plaintiffs' massage therapy businesses, homes, and papers or of any similarly situated massage therapy businesses or practitioners;

## Nominal Damages

158.   An award of nominal damages;

## Attorneys' Fees and Costs

159.   An award of attorneys' fees and court costs; and

## Other Relief

160.   All other legal and equitable relief to which Defendants may be entitled.

DATED: April 6, 2022.

Respectfully submitted,

/s/ *Ethan W. Blevins*
ETHAN W. BLEVINS
Montana State Bar No. 37415893
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7477
Email: EBlevins@pacificlegal.org

BRIAN T. HODGES*
WSBA # 31976
Pacific Legal Foundation
255 South King Street, Suite 800
Seattle, WA 98104
Telephone: (425) 576-0484
Email: BHodges@pacificlegal.org

DANIEL T. WOISLAW*
Va. Bar No. 91180
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, VA 22201
Tel: (202) 888-6881
*DWoislaw@pacificlegal.org*

*pro hac vice pending*

*Attorneys for Plaintiffs*