Gerry P. Fagan
Stephanie Baucus
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Gerry.Fagan@moultonbellingham.com
Stephanie.Baucus@moultonbellingham.com

    Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THERESA VONDRA, DONNA PODOLAK, LYNDA LARVIE, and ADAM POULOS,<br><br>                    Plaintiffs,<br><br>  -vs-<br><br>CITY OF BILLINGS; NICOLE CROMWELL, in her official capacity as Code Enforcement Supervisor for the Department of Code Enforcement in the City of Billings; RICHARD ST. JOHN, in his official capacity as Chief of Police for the Police Department in the City of Billings; JOANNE RINDAHL, in her official capacity as Business Tax Clerk for the Finance Department in the City of Billings; ANDREW ZOELLER, in his official capacity as Director of the Finance Department in the City of Billings; and WILLIAM COLE in his official capacity as Mayor of the City of Billings,<br><br>                    Defendants. | Case No. CV 22-30-BLG-SPW-TJC<br><br>**CITY OF BILLINGS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant City of Billings ("City"), by and through the undersigned counsel of record, provides the following answer to Plaintiffs' Complaint for Declaratory Injunctive Relief.

## INTRODUCTION

1. The allegations contained in paragraph 1 are not directed at the City and do not require an affirmative response.

2. Answering the allegations contained in paragraphs 2 and 3, the City responds that Plaintiffs have mischaracterized the Ordinance and states that the terms of the ordinances at issue speak for themselves and do not require an affirmative response.

3. The allegations contained in paragraphs 4 and 5 are conclusions of law that do not require an affirmative response by the City.

4. The City denies the allegations contained in paragraph 6.

## JURISDICTION AND VENUE

5. The allegations contained in paragraphs 7 through 9 are conclusions of law that do not require an affirmative response by the City.

## PARTIES

### Plaintiffs

6. The allegations contained in paragraph 10 do not require an affirmative response by the City.

7. The City lacks the necessary information to admit or deny the allegations contained in paragraphs 11 through 23 and therefore denies the same.

## Defendants

8. The City admits the allegations contained in paragraphs 24 and 25.

9. Answering the allegations contained in paragraph 26, the City denies that Nicole Cromwell is the Code Enforcement Supervisor at the present time but admits that she is sued only in her official capacity.

10. The City admits the allegations contained in paragraph 27.

11. Answering the allegations contained in paragraph 28, the City denies that Joanne Rindahl is the Business Tax Clerk for the Finance Department at the present time but admits that she is sued only in her official capacity.

12. The City admits the allegations contained in paragraphs 29 through 30.

## FACTUAL ALLEGATIONS

### I

### The Massage Search Ordinance

13. Answering the allegations contained in paragraphs 31 through 47, the City responds that Plaintiffs have mischaracterized the Ordinance and states that the terms of the ordinance at issue speak for themself and do not require an affirmative response. The City denies all other allegations contained in paragraphs 31 through 47 as stated.

14. Answering the allegations contained in paragraphs 48 through 52, the City denies the allegations as stated. The City affirmatively states that the ordinance at issue does not "extort" or cause any unconstitutional conduct and affirmatively states that the Mayor is not "generally responsible for enforcing the regulatory scheme associated with" the ordinance.

## II

### Plaintiffs' Protected Fourth Amendment Interests

15. The City denies the allegations contained in paragraph 53.

### Plaintiffs' Property Interests

16. The allegations contained in paragraphs 54 through 56 are conclusions of law that do not require an affirmative response. The City denies all other allegations contained in paragraphs 54-56 as stated.

17. The City lacks the necessary information to admit or deny the allegations contained in paragraphs 57 through 69.

18. The City denies the allegations contained in paragraph 70 and 71.

19. The City lacks the necessary information to admit or deny the allegations contained in paragraphs 72 through 76.

20. To the extent that paragraph 77 sets forth information about the existence of Mr. Poulos's records, the City lacks the necessary information to admit

or deny the allegations. The City denies all other allegations contained in paragraph 77.

21. The allegations contained in paragraphs 78 through 80 are conclusions of law that do not require an affirmative response by the City.

## Plaintiffs' Privacy Interests

22. To the extent that paragraph 81 sets forth information about the existence of any records of the Plaintiffs, the City lacks the necessary information to admit or deny the allegations. To the extent that the allegations contained in paragraph 81 are conclusions of law, these do not require an affirmative response by the City. The City denies all other allegations contained in paragraph 81.

23. The City lacks the necessary information to admit or deny the allegations contained in paragraphs 82 and 83.

24. To the extent that paragraphs 84 through 87 set forth information about the existence of any records of the Plaintiffs, the City lacks the necessary information to admit or deny the allegations. To the extent that the allegations contained in paragraphs 84 through 87 are conclusions of law, these do not require an affirmative response by the City. The City denies all other allegations contained in paragraphs 84 through 87.

//

//

## Plaintiffs Required to Swear an Oath
## Waiving Fundamental Fourth Amendment Rights

25. The City denies the allegations contained in paragraphs 88 and 89 as stated.

26. The allegations contained in paragraph 90 are conclusions of law that does not require an affirmative response.

27. Answering the allegations contained in paragraphs 91 through 97, the City admits that Plaintiff Vondra submitted an application pursuant to the ordinance, that she received a license for her business, and that the City conducted an inspection at her business. The City denies the remaining allegations stated in paragraphs 91 through 97 as stated. The City affirmatively states that Plaintiff Vondra has not submitted a request for a variance from the City, but the accommodation she requested as part of her application was granted when her application was granted. The City further states that the City inspectors coordinated with Plaintiff Vondra to arrange for the inspection at a mutually agreeable time when no clients were at her business, that the inspection took approximately 11 minutes, that Plaintiff Vondra voluntarily suggested places that the inspectors might want to photograph and/or see, and that Plaintiff Vondra did not raise any objections or concerns to the City inspectors at the time they set a time for the inspection or during the inspection.

28. Answering the allegations contained in paragraphs 98 through 105, the City admits that Plaintiffs Larvie and Podolak submitted an exemption form to the

City and received a certificate from the City. To the extent that the allegations in paragraphs 98 through 105 contain conclusions of law, these do not require an affirmative response by the City. The City denies the remaining allegations in paragraph 98 through 105 as stated. The City affirmatively states that the Plaintiffs' mischaracterized the language of the exemption form and Ordinance in paragraph 98.

## LEGAL CLAIMS

29. Answering the allegations contained in paragraph 106, the City realleges and incorporates its previous responses herein.

### Count I:

### Facial claim per the Fourth Amendment and 42 U.S.C. § 1983 for physical invasion of property

30. The City denies the allegations contained in paragraph 107.

31. The allegations contained in paragraphs 108 through 110 are conclusions of law that do not require an affirmative response by the City.

32. The City denies the allegations contained in paragraphs 111 through 113.

33. The City denies the allegations contained in paragraphs 114 through 122.

//

//

## Count II:

### Facial claim per the Fourth Amendment and 42 U.S.C. § 1983 for invasion of property

34. To the extent that the allegations in paragraphs 123 through 137 contain conclusions of law, these do not require an affirmative response by the City. The City denies the remaining allegations contained in paragraphs 123 through 137.

## Count III:

### Facial and As-Applied Unconstitutional Condition on the exercise of Plaintiff's Fourth Amendment rights per the Fourth Amendment and 42 U.S.C. § 1983

35. Answering the allegations contained in paragraph 138, the City incorporates and reasserts its previous answers herein.

36. The allegations contained in paragraphs 139 through 143 are conclusions of law that do not require an affirmative response by the City.

37. Answering the allegations contained in paragraph 144, the City states that the references to terms of the ordinance are conclusions of law that do not require an affirmative response. The City denies the remaining allegations contained in paragraph 144.

38. The City denies the allegations contained in paragraphs 145 and 146.

39. The allegations contained in paragraph 147 are conclusions of law that do not require an affirmative response by the City.

40. The City denies the allegations contained in paragraphs 148 and 149.

## AFFIRMATIVE DEFENSES

1. The City denies each and every allegation that it has not specifically admitted above.

2. Plaintiffs' Complaint fails to state a claim upon relief can be granted.

3. Plaintiffs are not entitled to attorney's fees under the circumstances of this case.

4. Plaintiffs' claims fail as a matter of law because the Fourth Amendment allows for the searches at issue because they constitute reasonable administrative searches of a closely regulated industry.

5. The Ordinance at issue does not violate the Constitution because curtailing prostitution and human trafficking is a substantial government interest.

6. Plaintiffs' constitutional claims fail as a matter of law because their federal rights were not violated.

7. Plaintiffs do not have standing to bring their claims against Defendants.

8. The searches without a warrant that are authorized by the Ordinance at issue are reasonable and justified.

9. The searches or inspections authorized by the Ordinance and implemented by the City are necessary in order to implement the Ordinance.

10. The searches or inspections authorized by the Ordinance and implemented by the City are limited in scope.

11. The inspections permitted by the Ordinance are proportional to the license being granted by the City.

12. Plaintiffs' claims fail as a matter of law because the Ordinance is constitutional in its various applications.

13. The City reserves the right to assert additional affirmative defenses as justified or appropriate.

**WHEREFORE**, the City of Billings requests the following relief:

1. That Plaintiffs takes nothing by way of their Complaint;

2. For judgment in favor of the City of Billings on all counts of Plaintiffs' Complaint;

3. For declarations that the Ordinance at issue is constitutional;

4. For the City of Billings's costs of suit and attorney's fees allowed by law; and

5. For further such relief as the Court deems just and proper.

**DATED** this 4th day of May, 2022.

        MOULTON BELLINGHAM PC

        By: /s/ Gerry P. Fagan
           GERRY P. FAGAN
           STEPHANIE BAUCUS
           27 North 27th Street, Suite 1900
           P.O. Box 2559
           Billings, Montana 59103-2559

           ATTORNEYS FOR DEFENDANTS