Gerry P. Fagan
Stephanie Baucus
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Gerry.Fagan@moultonbellingham.com
Stephanie.Baucus@moultonbellingham.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THERESA VONDRA, DONNA PODOLAK, LYNDA LARVIE, and ADAM POULOS,<br><br>　　　　　　　Plaintiffs,<br><br>　-vs-<br><br>CITY OF BILLINGS; NICOLE CROMWELL, in her official capacity as Code Enforcement Supervisor for the Department of Code Enforcement in the City of Billings; RICHARD ST. JOHN, in his official capacity as Chief of Police for the Police Department in the City of Billings; JOANNE RINDAHL, in her official capacity as Business Tax Clerk for the Finance Department in the City of Billings; ANDREW ZOELLER, in his official capacity as Director of the Finance Department in the City of Billings; and WILLIAM COLE in his official capacity as Mayor of the City of Billings,<br><br>　　　　　　　Defendants. | Case No. CV 22-30-BLG-KLD<br><br>**INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendants Nicole Cromwell, Richard St. John, Joanne Rindahl, Andrew Zoeller, and William Cole (the "Individual Defendants") respectfully submit this reply in support of their Motion to Dismiss (Doc. 17) and Brief in Support (Doc. 18) (the "Motion"), which was filed on May 4, 2022, and in opposition to the Plaintiffs' Response to the Motion, which was filed on May 24, 2022 (Doc. 27) (the "Response").

I.   **INTRODUCTION.**

The crux of Plaintiffs' opposition to the Motion to Dismiss is Plaintiffs' argument that official-capacity claims against government officials *seeking equitable relief* are different from official-capacity claims *seeking only damages* and that this difference means that government officials are necessary defendants where plaintiffs have claims for equitable relief but not when plaintiffs only have claims for damages. They argue that the cases cited by Individual Defendants only support dismissal of government officials where official-capacity claims seek damages,[1] whereas Plaintiffs in this case are seeking equitable relief through their official-capacity claims – an injunction and declaratory relief. Case law, however, does not reveal a distinction based on this difference. *See* § III, *infra*.

---

[1] This is incorrect because the cases cited by Individual Defendants involve claims for money damages as well as equitable relief. *See* § III, *infra*.

Plaintiffs also argue – because there are reported cases in which claims have been filed against individual defendants in their official capacities and against the government entities for which those individuals work, in which the individual defendants did not happen to get dismissed – that means courts have approved of this pleading practice.  Fortunately for Individual Defendants, the cases cited by Plaintiffs reveal no such analysis.

As explained in the Motion and below in this brief, Individual Defendants should be dismissed because Plaintiffs' official-capacity claims against Individual Defendants are entirely duplicative of Plaintiffs' claims against their employer, Defendant City of Billings (the "City").  The City has already filed an Answer to Plaintiffs' Complaint, *see* Doc. 16, and the continued participation of Individual Defendants is simply unnecessary.  Individual Defendants would have no official-capacity authority to take any actions prohibited by their government employer.  Their participation is not required by law, and it could confuse juries and would only waste judicial and party resources.  Accordingly, the Motion should be granted, and Individual Defendants should be dismissed.

II.   **FACTUAL AND PROCEDURAL CONSIDERATIONS.**

In their Response, Plaintiffs find fault with Individual Defendants for not "adequately discuss[ing] the claims and facts in the Complaint," Resp., p. 2; for "fail[ing] to address the nature of Plaintiffs' claims and overlook[ing] the

Complaint's allegations and requests for relief," *id.*, p. 3; and for "not [responding] to the actual allegations set out in the Complaint." *Id.*, p. 10. Such a substantive response is not necessary, however, to understand the identical scope of liability for Individual Defendants in their official capacities and for the City.

Additionally, Plaintiffs include several new allegations in their Response. *See generally* Resp., pp. 4-6; *see e.g.,* Resp., p. 5 (regarding Defendant Richard St. John and Defendant Nicole Cromwell). These allegations did not appear in the Complaint. Indeed, except through their allegation reincorporating previous paragraphs into Count III of the Complaint, *see* Doc. 1, ¶ 138, Plaintiffs did not even mention any Individual Defendants by name in the Complaint except to list them, to provide their titles, to state their claims are purely official capacity claims, and to allege what Plaintiffs understand to be their roles related to the Ordinance. *See id.*, ¶¶ 26-30, 48-52. Individual Defendants' names do not appear in any of the three counts, and Plaintiffs have made no allegations about any conduct by any Individual Defendant that is specifically related to any Plaintiff.

Plaintiffs' new factual allegations now are irrelevant to consideration of the instant Motion because, "[a]s a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal citations omitted).

To the extent that Plaintiffs make substantive arguments in support of their claims as part of their Response, *see e.g.*, Resp., FN 4, and make new allegations of fact in their Response, the City (and Individual Defendants, if their Motion to Dismiss is denied) will respond to those as the case progresses and as appropriate.

### III.  ARGUMENT.

#### A.  Plaintiffs' Reliance on Sovereign Immunity Case Law is Misplaced and Does Not Support Their Ability to Sue Individual Defendants in Their Official Capacities in Addition to the City.

Several of the cases cited by Plaintiffs, *see e.g., Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908) (holding Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding state officials sued in their official capacity for damages are not persons for purposes of § 1983), are part of the state sovereign immunity doctrine. In *Ex Parte Young* and its progeny, courts have considered whether actions against individual state employees could be pursued when actions against the state itself were prohibited by the Eleventh Amendment. These cases did not consider whether actions against government employees were redundant or improper when the entity itself was properly sued.

The Eleventh Amendment sovereign immunity doctrine is complex, and by taking quotations from these cases out of context, Plaintiffs have conflated judicial

reasoning on the scope of sovereign immunity with judicial reasoning on the scope of official capacity claims.

To that end, Plaintiffs also ignore the reality that state governments and local governments are treated differently by courts analyzing any immunities that may be available to government defendants. Specifically, local governments are not protected from suit under the Eleventh Amendment like states are. *See* U.S. Const., 11th Amend. ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against <u>one of the United States</u> by Citizens of another State, or by Citizens or Subjects of any Foreign State.") (emphasis added); *see also Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978)) ("Local government entities do not have sovereign immunity."). As such, suits against state officials in their official capacities are not proper, but they could be proper against local officials. The net result of this difference is that the proper defendants are different in state cases than they are in city cases. Often it is proper to sue state officials (albeit in their personal capacities) but not the state entity itself, while, conversely, it would be proper to sue a city but not the city's officials. As a result, taking quotes from those cases out of context creates understandable confusion.

**B.     Controlling and Persuasive Case Law Support Dismissing the Individual Defendants.**

*1.    The Cases Cited by Individual Defendants are not all Damages Cases, and Courts do not Treat Damage Claims Differently Than Claims for Equitable Relief – Both may be Filed Against Municipalities Instead of Government Employees.*

In their Response, Plaintiffs claim that all of the cases relied upon by Individual Defendants are purely damages cases. *See generally* Resp., pp. 10-13. Specifically, Plaintiffs contend that the line of cases cited in the Motion, beginning with *Monell*, "concern only lawsuits seeking compensatory relief, not injunctive relief," Resp., p. 11, and are "compensatory-damages cases." Resp., p. 12. They claim the "City offers no case law bearing on the facts and allegations set out by the Complaint" – those for equitable relief. Resp., p. 11. These statements, including as to *Monell* itself, are incorrect.

More than half of the cases on which Individual Defendants relied in the Motion, for the proposition that individual defendants should be dismissed or the appropriate local government entity substituted, involved claims for equitable relief. *See Monell* at 661 (injunction and back pay); *Hafer v. Melo*, 502 U.S. 21, 23, 112 S. Ct. 358, 361 (1991) (equitable claim for reinstatement); *Butler v. Elle,* 281 F.3d 1014, 1023, FN 3 (9th Cir. 2002) (injunction and damages); *Cox v. Bell*, 2010 WL 4102291, *2 (D. Mont. Sept. 16, 2010) (injunction); *Luke v. Abbott,* 954 F. Supp.

202, 203 (C.D. Cal.1997) (injunction); *Tuinstra v. Bonner Cnty.*, 2021 WL 2534983, *2 (D. Idaho, Jun. 21, 2021) (equitable relief for training and new policies).

Plaintiffs further argue that the *Monell* line of cases "show[] only that when a plaintiff names a government official in a claim for compensatory damages, courts will routinely" dismiss the individuals or substitute the municipal entity. Resp., pp. 10-11. The inference Plaintiffs then make is that courts will not dismiss individual defendants in official-capacity cases if plaintiffs seek equitable relief. However, not only did the courts in the cases listed in the previous paragraph actually dismiss individual defendants from official-capacity claims for injunctive and equitable relief, but courts have explained this reasoning explicitly. In *Ctr. for Bio-Ethical Reform,* the Ninth Circuit considered a plaintiffs' claims for injunctive relief and affirmed the dismissal of an individual defendant. The court explained:

> An official capacity suit against a municipal officer is equivalent to a suit against the entity. *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991). Thus, [the sheriff] is a redundant defendant.

533 F.3d 799. Beginning with the U.S. Supreme Court's analysis in *Monell* in 1978, it has been clear that a municipality may be sued directly for monetary damages, a declaratory judgment, or an injunction. 436 U.S. 658, 690.

Plaintiffs pose the question, "who will the Court enjoin if the Plaintiffs are not allowed to name the very government officials charged with violating their constitutional rights?" Resp. pp. 12-13. The U.S. Supreme Court has conveniently answered this question in *Kentucky v. Graham*, a case cited by Plaintiffs, stating, "there is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra,* local government units can be sued directly for damages and injunctive or declaratory relief." 473 U.S. at 167, n.14; *see also* § III.B.2, *infra*.

The law is clear, if Plaintiffs seek an injunction, there is no need to bring an action against local government officials in their official capacity because Plaintiffs can directly sue the local government for prospective relief and damages.

> **2.   *Both Controlling and Persuasive Authority Make Clear That Claims for Injunctive Relief and Damages may be Filed Against Municipalities Instead of Individual Government Employees.***

On a related point, in their Response, *see* p. 11, Plaintiffs criticize Individual Defendants' citations, claiming "many" of the cases Individual Defendants cited were "unpublished." *See* Resp., p. 11. However, Individual Defendants did not cite any unpublished cases for which the issuing courts would have given notice regarding precedential value and citation. Instead, Individual Defendants cited to three "unreported" district court decisions, *see Cox,* 2010 WL 4102291, *2 (substituting County for Sheriff); *Wagemann v. Robinson*, 2015 WL 3899226, *18

(D. Mont. Jun 16, 2015) (dismissing claims against employees as "superfluous" of claims against City); and *Sanchez v. City and Cnty. of Honolulu*, 2019 WL 5929735, *7 (D. Haw. Nov. 12, 2019) (dismissing redundant claims against police officers), and two federal district court decisions that are recent and are still slip copies. *See Saxon v. City of Dillon, Montana*, 2020 WL 2732133, *2 (D. Mont., May 26, 2020) (dismissing "superfluous" claims against employee when City was also sued)*; Tuinstra v. Bonner Cnty.*, 2021 WL 2534983, *4 (dismissing employee in her individual capacity as redundant of the county). While these decisions were not unpublished, even unpublished decisions issued after 2007 may be cited in federal court. *See* Fed. R. App. P. 32.1; *see generally Bhasker v. Kemper Cas. Ins. Co.*, 284 F. Supp. 3d 1191, FN 11 (D.N.M. 2018).

Further, all these distinctions are irrelevant in the sense that all district court decisions are merely persuasive authority. *See Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1077 n.6 (N.D. Ill. 2013) ("[W]hether or not a district court case is reported has no impact on its ultimate authority or lack of authority. No district court decision is 'binding' on another district court, and its 'persuasiveness' … is determined by the substance of the case, not by its place in the Federal Supplement."); *Nat'l Union Fire Ins. Co. v. Allfirst Bank*, 282 F. Supp. 2d 339, 351 (D. Md. 2003) ("Of course, no decision of a district court judge is technically binding on another district court judge…"). Undeniably, all district court decisions are persuasive authority. *See*

*United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000 (per curiam); *see generally* Fed. R. App. P. 32.1.

More importantly, the <u>*three published and reported United States Supreme Court cases and the two published and reported Ninth Circuit cases*</u> cited in the Motion and in this Reply <u>*are controlling authority*</u>. See *Monell*, 436 U.S. 658, 690, n. 55 (1978) (holding official capacity claims for damages and equitable relief against individuals were the same as lawsuits against the entity); *Hafer*, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991) (same); *Kentucky,* 473 U.S. at 166 (citation omitted) (concluding official-capacity suits against individual government employees must be treated the same as suits against the government entity itself); *Butler v. Elle,* 281 F.3d at 1023, FN 8 (citing *Kentucky,* 473 U.S. at 166) ("Section 1983 claims [for damages and an injunction] against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded."); *Ctr. for Bio-Ethical Reform*, 533 F.3d at 799 (dismissing redundant sheriff defendant).

### 3. The Cases Cited by Plaintiffs do not Address Whether Suing Both a Government Entity and an Employee of That Entity is Proper, and Suing Both is Unnecessary.

Plaintiffs claim that there is a "long line of U.S. Supreme Court precedent" that "confirms that naming responsible government officials is an accepted practice." Resp., pp. 8-9. In support of this statement, Plaintiffs cite to a handful of

cases in which individual defendants were sued along with their government entity employers to argue that these courts reasoned that suing both types of defendants is permissible or appropriate. *See id.* (citing *Cuviello v. City of Vallejo*, 944 F.3d 816 (9th Cir. 2019); *Zepeda v. U.S. I.N.S.*, 753 F.3d 719 (9th Cir. 1983); *Ferguson v. City of Charleston*, 532 U.S. 67 (2001); *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000); *Mich. Dep't of State Police v. Sitz*, 496 U.S. 441, 110 S. Ct. 248, 1110 L. Ed. 2d 412 (1990)).

However, and significantly, none of the cases cited in the previous paragraph analyzed the propriety of motions to dismiss official-capacity claims against individual defendants as redundant of claims filed against government employers. Because the individual defendants in those cases did not happen to move to dismiss the claims against them, the <u>cases cited by Plaintiff have no helpful analysis on the subject</u> of whether suing both sets of defendants was proper.

> **4.   *Dismissal of Individual Defendants is Proper as Their Continued Participation Would be Redundant, Confusing, and Inefficient.***

Many courts have recognized that proceeding with claims against municipal entities and individual employees of those entities is "redundant" or "superfluous." *See e.g.*, § III.B.3, *supra*. As a district court explained in *Luke v. Abbott*, allowing the plaintiff to continue proceeding against both the entity and the individuals in their official capacities would "lead[] to a duplication of documents and pleadings,

as well as wasted public resources for increased attorneys' fees." 954 F. Supp. at 204. In citing *Kentucky v. Graham* and *Monell*, and affirming the dismissal of claims against a municipal officer that were "functionally equivalent" to the plaintiffs' claims against the city, the Eleventh Circuit Court of Appeals explained that "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been <u>redundant and possibly confusing to the jury</u>." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (emphasis added). Similarly, requiring Individual Defendants to prepare initial disclosures, discovery responses, and other filings would not help Plaintiffs and would only waste judicial and party resources.

### C. An Injunction Against the City Would Bind Any Potential Individual Defendants.

Relatedly, any remedies awarded to Plaintiffs would operate against the City and its officials, not just against the employees individually. Specifically, any injunction against the City, if one were awarded to Plaintiffs, would bind Individual Defendants and all City officials and employees. *See Cox v. Bell*, 2010 WL 4102291, *2 (even plaintiff recognized that an "injunction against the County to perform a particular act would include the Sheriff."); *see also Stokes v. City of Mount Vernon, N.Y.*, 2012 WL 3536461, at *11 (S.D.N.Y. Aug. 14, 2012) (citing *Monell*, 436 U.S. at 694; and *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L. Ed. 2d 452 (1986)) (explaining municipalities are only liable under §

1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" and "municipal liability may be imposed for a single decision"). Because official-capacity acts of individual municipal employees can form the basis for liability for municipalities, <u>there is no need to hold those employees liable in their official capacities when also</u> holding the municipalities themselves liable.

To that end, in recognizing that at least one Individual Defendant may have changed roles and that they might need to amend their Complaint accordingly, *see* Resp., FN 3, Plaintiffs have recognized that particular individuals in particular City positions change from time to time.[2] That reality underscores why the <u>City is the only proper defendant</u>. Any official-capacity authority that any municipal official has comes only from the specific role that person has with the City. As such, if the City were enjoined from enforcing an ordinance, Individual Defendants could not take any official-capacity actions on their own to enforce it.

---

[2] Given that claims against any other individual defendants would be improper, this court may dismiss Individual Defendants under Fed. R. Civ. P. 12(b)(6) without allowing leave to amend (*i.e.,* with prejudice) because "the pleading [as to different Individual Defendants] could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## IV. CONCLUSION.

To summarize, the cases cited by Plaintiffs as supporting their ability to sue both the City and the Individual Defendants *do not actually address* that issue. The sovereign immunity cases cited by Plaintiffs likewise do not provide a basis for Plaintiffs to proceed against both the City and the Individual Defendants. Moreover, there is no distinction in the relevant case law for whether the claims made are for damages or injunctive relief, and all the controlling and persuasive cases cited by Individual Defendants make *clear that suing the City is sufficient*. Suing Individual Defendants as well is redundant or superfluous, confusing, and inefficient.

For these reasons, Plaintiffs' claims against Individual Defendants should be dismissed.

**DATED** this 17th day of June, 2022.

>MOULTON BELLINGHAM PC
>
>By __/s/ Stephanie Baucus_____
>    GERRY P. FAGAN
>    STEPHANIE BAUCUS
>    27 North 27th Street, Suite 1900
>    P.O. Box 2559
>    Billings, Montana 59103-2559
>
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Civ. P. 7.1(D)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 3,239 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.

    /s/ Stephanie Baucus
    Gerry P. Fagan/Stephanie Baucus