IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THERESA VONDRA, et al., | CV 22-30-BLG-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| CITY OF BILLINGS, et al., | |
| Defendants. | |

A preliminary pretrial conference in this case was held via Zoom on July 28, 2022, at Missoula, Montana. Plaintiffs were represented by Brian Hodges, Ethan Blevins, and Daniel Woislaw. Defendants were represented by Gerry Fagan and Stephanie Baucus. After discussion and upon the agreement of the parties, the following order is entered.

**1.** The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Deadline for Amending Pleadings: | 21 days after the Court rules on the Individual Defendants' Motion to Dismiss (Doc. 17). |
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | March 24, 2023 |

| | |
|---|---|
| Disclosure of Defendant's Damages Experts: | April 24, 2023 |
| Discovery Deadline: | May 12, 2023 |
| Motions Deadline (fully briefed): | July 12, 2023 |
| Motions In Limine Deadline: (fully briefed) | September 11, 2023 |
| Attorney Conference to Prepare Final Pretrial Order: | week of October 2, 2023 |
| E-file Final Pretrial Order, Proposed Findings of Fact & Conclusions of Law, and Trial Briefs and e-mail to kld_propord@mtd.uscourts.gov (Trial Briefs are optional): | October 9, 2023 |
| Notice to Court Reporter of Intent to Use Real-Time: | October 9, 2023 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | October 9, 2023 |
| Final Pretrial Conference: | October 16, 2023 at 9:00 a.m. Billings, Montana |
| Bench Trial: | October 16, 2023, immediately following Final Pretrial Conference Billings, Montana |

**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order. However, parties seeking a continuance of the motions deadline or any subsequent deadline**

**must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

**2. Local Rules and Electronic Filing**.  Parties are advised that revised Local Rules for the District of Montana became effective March 1, 2022, and apply in all cases pending when changes become effective.  In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  All counsel must show cause if they are not filing electronically.  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.  <u>See also</u> L.R. 1.4.

**3. Service by E-Mail for Parties Not Filing Electronically**.  Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing.

**4. Stipulations**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the following facts are admitted and agreed upon: those set forth in the Joint Statement of Stipulated Facts. (Doc. 36).

**5. Cooperation and Proportionality**.  The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding.

Fed. R. Civ. P. 1. Discovery shall be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**6. Discovery Exhibits**. <u>During discovery, the exhibits shall be numbered seriatim.</u> Numbers used for exhibits during discovery shall be identically used at trial.

**7. Foundation & authenticity of discovery items**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial.

**8. Supplementation of Discovery Responses**. Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**8a. Motions to Compel Discovery.** Unresolved discovery disputes must be presented to the Court for resolution promptly. Before filing a discovery motion, the parties shall file a joint motion for a discovery status conference, requesting that the Court conduct a telephonic conference for the purpose of discussing the discovery dispute. Discovery motions should be filed only if the discovery dispute remains unresolved following the telephone conference.

Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time of the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**9. Expert Disclosure**.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). Objections to the timeliness or sufficiency of a Rule

26(a)(2)(B) report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine submitted by the date set forth in paragraph 1, and need not be raised within this 14 day window.  <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed</u>.  In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

> (i) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

**10.  Rebuttal Experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure.  Fed. R. Civ. P. 26(a)(2)(D)(ii).

**11.  Supplementation of Incomplete or Incorrect Expert Reports**.  Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**12.  Motions**.  Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph one.  "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court.  **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court.  Unless the parties can show that a negotiated and signed stipulation is**

**insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.** In addition, any party wishing to file any document under seal must make the appropriate showing of good cause or compelling reasons as delineated in *Ground Zero Center for Non-Violent Action v. United States Department of the Navy*, 860 F.3d 1244, 1261 (9th Cir. 2017) (requiring a showing of compelling reasons to seal documents attached to dispositive motions and other filings relating to the merits of a case) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (requiring only a showing of good cause to seal documents related to a non-dispositive motion or a motion unrelated to the merits of a case).

13. **Unopposed Motions.**  Unopposed motions shall be accompanied by a proposed order, separate from the motion.  The proposed order shall be a Word document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order.  The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to kld_propord@mtd.uscourts.gov.  Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

14. **Hearings & Oral Arguments**.  Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**15. Bench trial.**  Bench trial of this case shall be conducted in Billings, Montana, before the Honorable Kathleen L. DeSoto.

**16. Attorney Conference for Trial Preparation**.  If the case does not settle, counsel for the plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).  The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  See generally Forms D, E, and F, Local Rules Appendix C.

**17. Trial Exhibits**.

    (a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

    (b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits the party

expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

 (c) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

 (d) Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

 (e) Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. The electronic files and paper copy shall be delivered to the chambers of Judge Kathleen L. Desoto on or before the date of the final pretrial conference.

 (f) <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

**18. Final Pretrial Order**. The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word format to kld_propord@mtd.uscourts.gov. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**19. Final Pretrial Conference**. Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the

date and time set forth in paragraph 1.  Each party should bring Judge Desoto's copy of its trial exhibits if a copy has not already been delivered to chambers.

**20. Trial Briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

**21. Proposed Findings of Fact & Conclusions of Law.**

    (a)    The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact.  Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which parties cannot reach agreement.

    (b)    The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of Law.  Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

The parties should e-file the Proposed Findings of Fact & Conclusions of Law and e-mail a copy in Word format to kld_propord@mtd.uscourts.gov on the date indicated in paragraph 1.

**22. Calling Witnesses At Trial**.

11

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken

d) a listing of each exhibit to which the witness may refer during direct examination.

Dated this 29th day of July, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge