IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THERESA VONDRA, DONNA PODOLAK, LYNDA LARVIE, and ADAM POULOS,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF BILLINGS; NICOLE CROMWELL, in her official capacity as Code Enforcement Supervisor for the Department of Code Enforcement in the City of Billings; RICHARD ST. JOHN, in his official capacity as Chief of Police for the Police Department in the City of Billings; JOANNE RINDAHL, in her official capacity as Business Tax Clerk for the Finance Department in the City of Billings; ANDREW ZOELLER, in his official capacity as Director of the Finance Department in the City of Billings; and WILLIAM COLE in his official capacity as Mayor of the City of Billings,<br><br>        Defendants. | CV 22-30-BLG-KLD<br><br><br>ORDER |

Plaintiffs Theresa Vondra, Donna Podolak, Lynda Larvie, and Adam Poulos

bring this action for declaratory and injunctive relief under 42 U.S.C. § 1983,

challenging the constitutionality a City of Billings ordinance regulating massage

and spa facilities. Defendants Nicole Cromwell, Richard St. John, Joanne Rindahl, Andrew Zoeller, and William Cole (collectively "Individual Defendants") move to dismiss the official capacity claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 17). The motion is granted for the reasons discussed below.

## I.    <u>Background</u>

On April 26, 2021, the City of Billings City Council adopted Ordinance 21-5757 ("the Ordinance"), titled "An Ordinance of The City of Billings, Montana, Regulating Massage and Spa Facilities Through Business Licensing Criteria, Providing Exemptions, Authorizing the City Administrator or Designee to Administratively Deny, Suspend or Revoke Business Licenses and Allowing an Appeal From Such Action and Providing for Criminal and Civil Penalties Upon Conviction of a Violation in Order to Combat Human Trafficking and to Promote the Health and Welfare of the Billings Community."[1] (Doc. 1 at ¶ 31).

The Ordinance makes it unlawful for any person to practice massage therapy for compensation without a valid license from the City of Billings. (Doc. 1 at ¶ 33; Ordinance Secs.7-1904, 7-1902(o)). The Ordinance authorizes code enforcement officials and law enforcement officers to "enter a massage therapy business at any

---

[1] The text of the Ordinance is available https://www.billingsmt.gov/2952/Massage-and-Spa-Facilities-License.

time during business hours to determine compliance with any law under that person's jurisdiction…." (Doc. 1 at ¶ 35; Ordinance Sec. 7-1912(c)). The Ordinance specifies that "all rooms, cabinets, and storage areas shall be subject to inspection and any locked rooms, cabinets, or storage areas shall be promptly opened for inspection." The Ordinance further provides that every licensee must "[i]mmediately open any locked door, including any exterior door, upon request by an inspector or law enforcement officer who provide proof of identity," with the caveat that no "treatment session in progress" lasting less than two hours may be interrupted by such a demand. (Doc. 1 at ¶ 37; Ordinance Sec. 7-1911(f)). The Ordinance also requires every licensee to "keep a complete set of books and records for the business on site at the facility," including "a log of all massage therapy administered," and provides that "[t]he log and other books and records shall be subject to inspection upon request by the inspector during normal business hours." (Doc. 1 at ¶ 38; Ordinance Sec. 7-1911 (c)).

Plaintiffs Vondra, Podolak, and Larvie are licensed massage therapists in the City of Billings, and Plaintiff Poulos is one of Vondra's massage clients. (Doc. 1 at ¶¶ 10-11, 15, 20, 22). On April 6, 2022, Plaintiffs filed this action against the City of Billings and the Individual Defendants in their official capacities as employees of the City of Billings. (Doc. 1). Plaintiffs allege that the Ordinance violates their rights under the Fourth Amendment to the United States Constitution, and assert

three claims for relief under 42 U.S.C. § 1983. Count I for "physical invasion of property" alleges that the Ordinance violates the Fourth Amendment on its face because it subjects "private areas of businesses" and "private business records" to "unreasonable warrantless searches in the form of physical trespasses" by City of Billings code enforcement officials and law enforcement officers. (Doc. 1 at ¶¶ 107-122). Count II for "invasion of privacy" alleges that the Ordinance violates the Fourth Amendment on its face because it "confers warrantless search powers" to City of Billings' code enforcement officials and law enforcement officers. (Doc. 1 at ¶¶123-137). Count III alleges that the Ordinance is unconstitutional on its face and as applied because it violates the "unconstitutional conditions doctrine" by conditioning licensure on the surrender of the applicant's Fourth Amendment rights. (Doc. 1 at ¶¶ 138-149).

Plaintiffs request a declaratory judgment that the Ordinance violates the Fourth Amendment, and injunctive relief permanently enjoining Defendants from enforcing the Ordinance in its entirety, or in the alternative, enjoining them from enforcing the Ordinance by conducting future warrantless searches. (Doc. 1 at ¶¶ 150-157). Plaintiffs also request an award of nominal damages, attorneys' fees, and "all other legal and equitable relief to which [they] may be entitled." (Doc. 1 at ¶¶ 158-160).

//

## II.   **Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). When reviewing a Rule 12(b)(6) motion to dismiss, the court is to accept all factual allegations in the complaint as true and construe the pleading in the light most favorable to the nonmoving party. *Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

To withstand a motion to dismiss under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). This means that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule

12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## III.   <u>Discussion</u>

42 U.S.C. § 1983 provides a cause of action for the violation of federal constitutional rights by persons acting under color of state law. To prevail on a claim under 42 U.S.C. § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). To be subject to suit under § 1983, a defendant must be a "person" within the meaning of the statute. For purposes of liability under § 1983, "municipalities and other local governmental units" are considered "persons" within the meaning of the statute, and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). Thus, the City of Billings is a person within the meaning of § 1983.

In addition to bringing suit against the City of Billings, Plaintiffs assert § 1983 claims against the Individual Defendants exclusively in their official capacities. The Individual Defendants argue that Plaintiffs' official capacity claims should be dismissed because they are duplicative of the claims Plaintiffs have asserted against the City of Billings. The Court agrees.

"A suit against a government officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). See also *Monell*, 436 U.S. at 690 n. 55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Because "local government units can be sued directly for damages and injunctive or declaratory relief" under *Monell,* "[t]here is no longer a need to bring official-capacity actions against local government officials." *Graham*, 473 U.S. at 167 n.14.

Several district courts within the Ninth Circuit, including within the District of Montana, have held thus that official capacity claims are duplicative of *Monell* claims brought against a local government entity, and may be dismissed on that basis. See e.g. *Saxon v. City of Dillon, Montana, Montana*, 2020 WL 2732133, at *2 (D. Mont. May 26, 2020) (recognizing that an official capacity suit is treated as a suit against the employing governmental entity, and dismissing official capacity claims against a city police officer as "superfluous to" the claims against the city); *Wagemann v. Robinson*, 2015 WL 3899226, at *18 (D. Mont. June 16, 2015) (finding official capacity claims against city police officers were "superfluous to" the plaintiff's claims against the city and were subject to summary dismissal on

that basis); *Cox v. Bell*, 2010 WL 4102291, at *2 (D. Mont. Sept. 16, 2010) (similarly recognizing that an official capacity suit against a county sheriff represented only another way of pleading an action against the county, and substituting the county as the proper defendant); *Vance v. City of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."); *Tunistra v. Bonner County*, 2021 WL 2534983, at *4 (D. Idaho June 21, 2021) (dismissing official capacity claims for injunctive relief against a county employee as redundant of claims against the county). Based on this line of authority, Individual Defendants argue that the official capacity claims asserted against them in the Complaint should be dismissed because they are duplicative of Plaintiffs' claims against the City of Billings.

Plaintiffs disagree, and take the position that their official capacity claims are not duplicative because they are seeking prospective declaratory and injunctive relief against the Individual Defendants, rather than monetary damages. According to Plaintiffs, *Monell* and its progeny "show[] only that when a plaintiff names a government official in a claim for compensatory damages, courts will routinely substitute the municipal entity for an official sued in his or her official capacity (or dismiss an individual officer and municipality are sued in tandem for the same

monetary relief)." (Doc. 27 at 10-11).  Plaintiffs argue the result should be different where, as here, claims for prospective declaratory and injunctive relief are asserted.

Plaintiffs rely on *Ex parte Young*, 209 U.S. 123 (1908), which held that Eleventh Amendment immunity does not bar suits for prospective declaratory and injunctive relief against state officials in their official capacity. Plaintiffs also cite another sovereign immunity case, *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), for the proposition that unlike official capacity suits for monetary damages, official capacity suits for prospective injunctive relief are not tantamount to claims against the employing governmental entity. (Doc. 27, at 9). Plaintiffs argue that under *Ex parte Young* and *Will*, their demand for injunctive relief against the Individual Defendants is not tantamount to a claim against the City of Billings, and their official capacity claims should not be dismissed as duplicative.

Plaintiffs' reliance on *Ex parte Young* and other sovereign immunity caselaw is misplaced. *Ex parte Young* recognized a limited exception to sovereign immunity that allows a plaintiff to sue state officials acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *Ex parte Young*, 209 U.S. at 155-56. In *Will*, the Supreme Court held that state officials sued in their official capacity for damages are not persons for purposes of § 1983, and that such official capacity claims are barred by the doctrine of sovereign immunity.

*Will*, 491 U.S. at 64, 71. As the Supreme Court noted, however, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n. 10 (citing *Graham*, 473 U.S. at 167 n. 14 and *Ex parte Young*, 209 U.S. 123, 159-160). *Will* described this distinction between official capacity suits for money damages and official capacity suits for prospective injunctive relief as "commonplace in sovereign immunity doctrine." *Will*, 491 U.S. at 171 n. 10 (citation omitted).

Unlike the Eleventh Amendment sovereign immunity caselaw cited by Plaintiffs, however, *Monell* and its progeny do not recognize such a distinction. In fact, Justice Powell's concurring opinion in *Monell* observed that the Court of Appeals had suggested the Supreme Court "import, by analogy, the Eleventh Amendment fiction of *Ex parte Young* into § 1983." *Monell*, 436 U.S. at 712. As Justice Powell stated, however, such an approach would "require a bifurcated application of the generic word 'person' in § 1983 to public officials depending on the nature of the relief sought against them," since "[a] public official sued in his official capacity for carrying out official policy would be a 'person' for purposes of injunctive relief, but a non-'person' in an action for damages." Justice Powell noted that "[t]he Court's holding avoids this difficulty." 436 U.S. at 712 (internal quotations and citations omitted).

The doctrine of Eleventh Amendment sovereign immunity and the *Ex parte Young* exception Plaintiffs analogize to are simply not relevant here. The Eleventh Amendment provides states with immunity from suit, but that immunity does not extend to units of local government like the City of Billings. See *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994) (stating that "cities and counties do not enjoy Eleventh Amendment immunity"); *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777-78 (9th Cir. 2005) ("[T]he Eleventh Amendment does not extend its immunity to units of local government."). Because the City of Billings is subject to suit under § 1983, this is not a case in which injunctive relief must be sought against individual officials because the governmental entity is entitled to sovereign immunity. To the contrary, the injunctive relief that Plaintiffs seek against the Individual Defendants may be obtained through their claims against the City of Billings. As one court wrote under similar circumstances, Plaintiffs do not cite any "authority to support the proposition that the *Ex parte Young* doctrine should constitute an exception to the well-established principle that official-capacity claims against government officials are duplicative of claims against the entity employing officials." *Daniel v. Hunstville City Board of Education*, 2017 WL 1282319, at * 3 (N.D. Alabama Apr. 6, 2017).

Plaintiffs assert there is a "long line of U.S. Supreme Court precedent" confirming "that naming responsible government officials is an accepted practice," and cite three United States Supreme Court cases in which local government officials were sued along with the government entity employers. (Doc. 27 at 8-9) (citing *Ferguson v. City of Charleston,* 532 U.S. 67 (2001); *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000); *Michigan v. Dep't of State Police v. Sitz*, 496 U.S. 444 (1990)). Significantly, however, the individual defendants in these cases did not move to dismiss the claims against them, and the cases do not address the propriety of dismissing official capacity claims against individual defendants as redundant of claims against a local government entity.

Finally, as counsel for the City of Billings rightly concedes, "any injunction against the City, if one were awarded to Plaintiffs, would bind Individual Defendants and all City officials and employees." (Doc. 34 at 13). Thus, as a practical matter, it is not necessary for Plaintiffs to bring official capacity claims against the Individual Defendants to obtain the requested relief. See Cox, 2010 WL 4102291, at *2. Because Plaintiffs' claims against the Individual Defendants are duplicative of their claims against the City of Billings, the Individual Defendants are properly dismissed.

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Thus, dismissal

with prejudice is appropriate. See *Cook, Perkiss & Liehe, Inc. v. N. California Collection Servs. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (holding "that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

## IV.    Conclusion

For the reasons discussed above,

IT IS ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) is GRANTED, and the Individual Defendants are dismissed as parties.

DATED this 17th  day of January, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge