DANIEL T. WOISLAW,* Va. Bar No. 91180
Email: DWoislaw@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881

ALEXANDER J. SMITH,* NV # 15484
Email: ASmith@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111

MARK MILLER,* FL # 0094961
Email: Mark@pacificlegal.org
Pacific Legal Foundation
4440 PGA Boulevard, Suite 307
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000

ETHAN W. BLEVINS, Mont. Bar No. 37415893
Email: EBlevins@pacificlegal.org
Pacific Legal Foundation
839 W 3600 S
Bountiful, UT 84010
Telephone: (206) 619-8944
Fax: (916) 419-7747

*Pro Hac Vice
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| THERESA VONDRA, et al.,<br>*Plaintiffs*,<br>-vs-<br>CITY OF BILLINGS,<br>*Defendant*. | Case No. CV 22-30-BLG-KLD<br><br>**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>***ORAL ARGUMENT REQUESTED*** |

Plaintiffs, by counsel, hereby move for summary judgment pursuant to Fed. R. Civ. P. 56 and D. Mont. L. R. 56.1 on all claims and respectfully request the following relief:[1]

1. **Facial Declaratory Relief:** Declare Ordinance 21-5757 unconstitutional under the Fourth Amendment—through the Fourteenth—for (1) authorizing unreasonable searches of homes, businesses, papers, and effects; and (2) imposing unconstitutional search conditions on the City licenses and certifications of massage therapists in the City of Billings;

2. **Facial Injunctive Relief:** Enjoin the City from enforcing the Ordinance in its entirety, or in the alternative, enjoin the City from (1) executing any and all warrantless searches of homes, businesses, papers, and effects authorized by the Ordinance, and (2) punishing property owners, operators, or possessors of property for refusing warrantless searches authorized by the Ordinance;

3. **As-Applied Declaratory Relief:** Declare that the City, through the Ordinance, violated Plaintiffs' Fourth Amendment rights—through the Fourteenth—by requiring them, through their applications for City licenses and certifications, to surrender their Fourth Amendment rights against unreasonable searches;

---

[1] Counsel for Plaintiffs met and conferred with counsel for the Defendant prior to the filing of this motion and Defendant opposes this motion.

4. **As-Applied Injunctive Relief:** (1) Enjoin the City from requiring Plaintiffs, as a condition of licensure, certification, and renewal with the City, to submit to the warrantless searches authorized by the Ordinance, and (2) enjoin the City from executing warrantless searches of Plaintiffs' properties under the authority of the Ordinance;

5. **Nominal Damages:** Award each Plaintiff $1.00 in nominal damages; and

6. **Attorneys' Fees:** Award Plaintiffs reasonable attorneys' fees and costs.

In support of Plaintiffs' motion for summary judgment, they offer the accompanying Brief in Support of Plaintiffs' Motion for Summary Judgment[2] and Plaintiffs' Statement of Undisputed Facts. This Court should grant summary judgment in favor of Plaintiffs for the following reasons:

**First**, warrantless searches of homes, businesses, and papers are presumed unconstitutional unless a specifically delineated warrant exception applies and is satisfied. *Payton v. New York*, 445 U.S. 573, 586 n.24 (1980) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 477–78 (1971)); *See v. City of Seattle*, 387 U.S. 541, 543–45 (1967); *Coolidge*, 403 U.S. at 454–55 & n.8 (quoting *United States v. Jeffers*, 342 U.S. 48, 51 (1951)) ("[T]he burden is on those seeking the exemption" from the Warrant Clause.); *Patel v. City of Los Angeles*, 738 F.3d 1058, 1061 (9th Cir. 2013).

---

[2] Hereinafter "Pl. Br. Supp. SJ."

**Second**, the Ordinance authorizes warrantless searches of massage therapists' homes, the private areas of their business properties, and their treatment logs and other papers. Further it compels massage therapists in the City to surrender their right to refuse warrantless searches as a condition of licensure or certification with the City. Indeed refusal of searches is criminally punishable. *See* Pl. Br. Supp. SJ, Parts I, II.

**Third**, no warrant exception applies to the warrantless searches authorized by the Ordinance. *See* Pl. Br. Supp. SJ, Parts III, IV. This is dispositive in favor of Plaintiffs.

**Fourth**, The Ordinance does not qualify for the "special needs" category of administrative-search warrant exceptions because it serves a primary purpose of crime control rather than business regulation. *Ferguson v. City of Charleston*, 532 U.S. 67, 81 (2001); *see also* Pl. Br. Supp. SJ, Part III-A. This is dispositive in favor of Plaintiffs.

**Fifth**, The practice of massage therapy in Montana is not a closely regulated industry for purposes of Plaintiffs' *Katz* and *Jones* claims. *See City of Los Angeles v. Patel*, 576 U.S. 409, 424–26 (2015) (reviewing Founding-era history of hotel regulation for evidence of close regulation, finding none); Pl. Br. Supp. SJ, Part III-B-1; *See also Killgore v. City of S. El Monte*, 3 F.4th 1186, 1189–91 (9th Cir. 2021)

(focusing on duration and intrusiveness of regulation); Pl. Br. Supp. SJ, Part III-B-2. This is dispositive in favor of Plaintiffs.

**Sixth**, the Ordinance does not implement a "comprehensive scheme of regulation." *Patel*, 576 U.S. at 425; *see also* Pl. Br. Supp. SJ, Part IV-A. This is dispositive in favor of Plaintiffs.

**Seventh**, unannounced, warrantless searches of massage businesses are not necessary to the Ordinance's objectives. *New York v. Burger*, 482 U.S. 691, 710 (1987); *see also* Pl. Br. Supp. SJ, Part IV-B. This is dispositive in favor of Plaintiffs.

**And eighth**, the Ordinance does not place sufficient limitations on the time, place, scope, and manner of warrantless searches so as to operate as a reasonable substitute for a judicial warrant. *Patel*, 576 U.S. at 425–26 (citing *Burger*, 482 U.S. at 702–03); *see also* Pl. Br. Supp. SJ, Part IV-C. This is dispositive in favor of Plaintiffs.

As such, the City's Ordinance has subjected Plaintiffs to a deprivation of their Fourth Amendment rights within the meaning of 42 U.S.C. § 1983 and they are therefore entitled to declaratory and injunctive relief, nominal damages, and the award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, 1988(b), and 28 U.S.C. § 2201.

DATED: November 28, 2023	Respectfully submitted:

*/s/ Daniel T. Woislaw*
DANIEL T. WOISLAW
ETHAN W. BLEVINS
ALEXANDER J. SMITH
MARK MILLER

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I filed electronically with the Clerk of the Court the above document via CM/ECF, which shall automatically serve the City's counsel of record with an electronic copy.

By /s/ *Daniel T. Woislaw*
DANIEL T. WOISLAW